IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW HARRIS,[1] | § | |
| | § | No. 59, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN13-06160 |
| NANCY KERR, | § | Petition No. 18-11799 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 4, 2020
Decided: February 2, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The petitioner below-appellant, Matthew Harris ("the Father"), filed this appeal from the Family Court's order affirming in part and denying in part the Commissioner's child support order. For the reasons set forth below, we affirm the Family Court's judgment.

(2)    The Father and the respondent below-appellee, Nancy Kerr ("the Mother") were married and lived with their child, who was born in 2012 ("the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Child"). The parties separated in 2013 and divorced in 2014. After the parties' separation, the Mother and the Child moved to Massachusetts. The Father remained in Delaware. On September 24, 2014, the Family Court issued a permanent child support order requiring the Father to pay $1,697.00 a month (the "Delaware Child Support Order").

(3) On April 24, 2018, the Father filed a petition in the Family Court to modify the Delaware Child Support Order. He argued that the amount of child support should be reduced to $800.00 per month because the Mother's income had substantially increased. The Mother filed a motion to dismiss the petition, arguing that the Middlesex Probate and Family Court in Massachusetts had exclusive jurisdiction over child support. The Father opposed the motion.

(4) After the Family Court Commissioner dismissed the Father's petition, the Father filed a motion for reargument. The Commissioner granted the Father's motion for reargument, concluding that the Family Court had continuing, exclusive jurisdiction over child support. On June 10, 2019, the Commissioner ordered the Father to pay $2,255.00 a month (which included $100.00 a month in arrears) in child support. The Father filed a request for review of the Commissioner's child support order.

(5) The Family Court reopened the record to gather additional evidence related to the Father's request for review. After a hearing, the Family Court issued

2

an order, dated January 9, 2020, affirming in part and denying in part the Commissioner's order. The Family Court ordered the Father to pay $1,279.00 a month in child support effective April 28, 2019. This appeal followed.

(6) At the time of the filing of this appeal, the Father's motion to correct a clerical mistake concerning the effective date of the January 9, 2020 order was pending in the Family Court. This Court remanded the matter for the Family Court to rule upon the Father's motion. After the Family Court granted the motion and changed the effective date of the January 9, 2020 child support order to April 28, 2018, the matter was returned to this Court.

(7) This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[2] We review issues of law *de novo*.[3] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[4]

(8) On appeal, the Father argues that the Family Court erred in failing to impose sanctions upon the Mother for filing a false financial disclosure report under Family Court Civil Rule 16(a) and for deducting childcare costs from the Mother's

---

[2] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del.1983)).
[3] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[4] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).

3

income. The Mother requests re-calculation of the Father's child support obligation based on documents showing her childcare expenses for 2019.

(9)     The imposition of sanctions is within the discretion of the Family Court.[5] In addressing the Father's contention that the Commissioner should not have accepted the Mother's allegedly false and incomplete Rule 16(a) report, the Family Court found that the report was not admitted into evidence, the Commissioner did not rely on the report to make her calculations, and the error in the employer's name would not have affected the outcome of the proceedings. The record supports these findings. Under these circumstances, the Family Court did not abuse its discretion in failing to impose sanctions based upon the Mother's Rule 16(a) financial report.

(10)    Although the Family Court reduced the Commissioner's calculation of the Mother's monthly childcare expenses from $2,299.00 to $950.00, the Father argues that this reduced amount is still inflated because it is based on the false premise that the Mother worked overtime and had to pay for childcare. In making this argument, the Father relied on a document he obtained from the Mother's employer stating that, in the last calendar year, the Mother had worked 2080 hours (forty hours per week) at her regular pay rate and did not receive any overtime. In rejecting the Father's argument, the Family Court highlighted the Mother's testimony that she was a salaried employee who often had to work more than forty

---

[5] *Tandy v. DCSE/Violet Tandy*, 2006 WL 435584, at *2 (Del. Feb. 21, 2006).

4

hours per week even though she did not receive overtime compensation for those additional hours. The Mother also worked with individuals overseas, which necessitated that she work in the evenings. The Family Court found the Mother's testimony on this subject credible. When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, as it does here, we will not substitute our opinion for the trier of fact.[6]

(11) Finally, the Court will not direct the Family Court to re-calculate child support as the Mother requests in her answering brief. If the Mother wished to challenge how the Family Court calculated child support, she should have filed a cross-appeal. She did not do so. In addition, the Mother's request is based on documents that were not presented to the Family Court in the first instance, and we will not consider them for the first time on appeal.[7] Having carefully considered the parties' positions and the record on appeal, we conclude that the Family Court's judgment should be affirmed.

---

[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[7] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_/s/ Tamika R. Montgomery-Reeves_
Justice